UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

2015 JAN -6 PM 3: 09

CLERK

BY _____
DEPUTY CLERK

| | |
|---|---|
| DARREN COUTURE, | ) |
|     Plaintiff, | ) |
| v. | ) Case No. 5:14-cv-220 |
| SUE BLAIR, D. GEORGE, P. BOUCHER, P. OZAROWSKI, | ) |
|     Defendants. | ) |

## OPINION AND ORDER DENYING
## PLAINTIFF'S MOTION TO APPOINT COUNSEL
(Doc. 17)

Plaintiff Darren Couture ("Mr. Couture"), proceeding *pro se*, brings this action against Defendants Sue Blair, Director of the Vermont Parole Board, and D. George, P. Boucher, and P. Ozarowski, Vermont Parole Board Hearing Officers. Mr. Couture brings his claims pursuant to 28 U.S.C. § 1983. Now pending before the court is Mr. Couture's Motion to Appoint Counsel (Doc. 17). For the reasons detailed below, Mr. Couture's motion is DENIED WITHOUT PREJUDICE.

In support of his motion, Mr. Couture alleges that his imprisonment and limited access to legal research material impairs his ability to litigate the complex issues in this case, and he suffers from a mental illness that limits his ability to understand court procedure. He further alleges that any trial in the case would involve conflicting testimony that would require cross-examination of witnesses and enhanced trial preparation.

Mr. Courture's case is a civil mater. In civil cases "[a] party has no constitutionally guaranteed right to the assistance of counsel . . . ." *Leftridge v. Conn.*

*State Trooper Officer # 1283*, 640 F.3d 62, 68 (2d Cir. 2011); *see also United States v. Coven*, 662 F.2d 162, 176 (2d Cir. 1981). A party granted *in forma pauperis* status, such as Mr. Couture, may move the court for the appointment of an attorney if unable to afford one on his or her own. *See* 28 U.S.C. § 1915(e)(1). The court may ask an attorney to represent an individual who cannot afford an attorney, pursuant to § 1915(e)(1), however Congress has not appropriated funds to pay an attorney who accepts an appointment. *Clarke v. Blais*, 473 F. Supp. 2d 124 (D. Me. 2007).

A court is granted "[b]road discretion" in deciding whether to request that an attorney represent a litigant pro bono, and the Second Circuit requires the court to consider several factors when making the determination. *See Hodge v. Police Officers*, 802 F.2d 58, 60-61 (2d Cir. 1986). As a threshold requirement, the court must determine whether the indigent's claim "is likely one of substance." *Carmona v. U.S. Bureau of Prisons*, 243 F.3d 629, 632 (2d Cir. 2001) (citing *Hodge*, 802 F.2d at 61). "[E]ven though a claim may not be characterized as frivolous, counsel should not be appointed in a case where the merits of the . . . claim are thin and [the plaintiff's] chances of prevailing are therefore poor." *Id.* (denying counsel where petitioner's appeal was not frivolous but nevertheless appeared to have little merit). Once satisfied as to the substance of a plaintiff's claims, "[a] court should then consider the indigent's ability to investigate the crucial facts, whether conflicting evidence implicating the need for cross-examination will be the major proof presented to the fact finder, the indigent's ability to present the case, the complexity of the legal issues and any special reason . . . why appointment of counsel would be more likely to lead to a just determination." *Hodge*, 802 F.2d at 61-62.

In the present case, the determination of whether to appoint counsel for Mr. Couture is premature. Although Mr. Couture's claims ultimately may have some substance, the court need not reach this issue at this time. Responding to Defendants' pending motion to dismiss does not require the investigation of facts, cross-examination of witnesses, or trial preparation. Despite his challenges, Mr. Couture has demonstrated his ability to file pleadings with the court that state his position and cite relevant law. Accordingly, Mr. Couture's Motion to Appoint Counsel (Doc. 17) is DENIED

WITHOUT PREJUDICE. Mr. Couture may file a new motion with the court in the future in the event of changed circumstances unforeseen here.

SO ORDERED.

Dated at Rutland, in the District of Vermont, this ___6___ day of January, 2015.

_____
Geoffrey W. Crawford, District Judge
United States District Court